# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rodney Sheppard,

    Petitioner,

v.

David Shinn, *et al.*,

    Respondents.

No. CV-20-01264-PHX-JJT (JZB)

**ORDER**

At issue is the Report and Recommendation (Doc. 24, "R&R") entered by United States Magistrate Judge John Z. Boyle in this matter, which concluded the Court should deny and dismiss with prejudice the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 23, "Petition"). Petitioner timely filed Objections to the R&R (Doc. 25, "Obj."), and Respondents filed a timely Response thereto (Doc. 26, "Resp.").[1] The Court will overrule the Objections and adopt in full the careful, well-reasoned and correct analysis of the R&R.

Judge Boyle correctly concluded that Petitioner's entry of a guilty plea in the state trial court renders the Fourth Amendment claims he asserts in Grounds 1 and 2 of the Petition irrelevant *per Haring v. Prosise*, 462 U.S. 306, 321 (1983)("[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction

---

[1] Petitioner filed a Reply (Doc. 27) to the Response, which the Court will not consider. Petitioner is not entitled to a reply in support of his Objections. See Fed. R. Civ. P. 72(b)(2). The Objection is not a motion allowing Petitioner the last word in the form of a reply. Petitioner must therefore state all of his arguments in his Objection. Moreover, even if Petitioner was entitled to a reply, he provided no new information or argument in that reply, which the Court has reviewed.

cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized.") In his Objection, Petitioner attempts to avoid this result by arguing that the basis for his Petition was never a Fourth Amendment claim, but was based on Fifth and Fourteenth Amendment due process claims all along. (Obj. at 2.) This is false. In his original Petition, First Amended Petition and Second Amended Petition, Petitioner states his claims in Grounds 1 and 2 in terms of Fourth Amendment violations. He never mentions the Fifth or Fourteenth Amendment in those filings. Neither Respondents nor the Court were ever put on notice of a Fifth or Fourteenth Amendment ground.

Second, Judge Boyle correctly concluded that Petitioner's guilty plea was voluntary, based on the case law Judge Boyle cited in the R&R and the excerpted transcript of the change of plea colloquy in the matter. Petitioner's argument in his Objection that once the state trial court denied his repeated motions to suppress the seized tickets, he had no choice but to plead guilty, rendering that plea involuntary, fails utterly as an argument of convenience now made by a petitioner with "buyer's remorse." The assertion of involuntariness, made not under oath and with no evidence to back it, is precisely the type of argument the Supreme Court teaches must be avoided in this circumstance. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("The Subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Petitioner stood before the state trial judge under oath and answered a litany of questions designed to determine whether his plea was knowing, intelligent and voluntary. Only after he answered all of the state judge's questions as he did, including stating that no one had "forced or threatened" him in any way to plead guilty and that the plea was "voluntary[]y and on [his] own," did the judge accept the plea. (R&R at 5-6.) If a petitioner, years later, could simply assert on such a record that his oath and answers meant nothing and the Court should take his current, unsworn and unsupported statement to contradict all that went before, the judicial process would mean nothing. The Court rejects this argument wholly.

1     **IT IS ORDERED** overruling Petitioner's Objections (Doc. 25) and adopting in whole the R&R in this matter (Doc. 24).

    **IT IS FURTHER ORDERED** denying and dismissing with prejudice the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 23). The Clerk of Court shall terminate this matter.

    **IT IS FURTHER ORDERED** denying a Certificate of Appealability upon a finding that Petitioner has failed to demonstrate denial of a constitutional right, which finding reasonable jurists would not debate.

    Dated this 7th day of June, 2021.

                                       Honorable John J. Tuchi
                                       United States District Judge